**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremiah Welsh, | No. CV 11-2039-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| New Hampshire Insurance Company, Specialty Risk Services, LLC (aka Sedgwick Claims Mngmt Svcs Inc), | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Remand (Doc. 7). The Court now rules on the motion.

**I.    BACKGROUND**

Plaintiff was an employee of Lowe's Home Improvement Warehouse, Inc. (Doc. 1, Ex.1 at 2). While fixing a cabinet door at work, Plaintiff stood up and felt a sharp pain in his back. (*Id.* at 3). Defendants denied Plaintiff's workers' compensation claim, prompting Plaintiff to request a hearing with the Industrial Commission. (*Id.* at 4). The Industrial Commission hearings resulted in an Administrative Law Judge ordering Defendants to compensate the claim.

Plaintiff commenced this action in Maricopa County Superior Court against Defendants, alleging two state causes of action for breach of the implied covenant of good faith and fair dealing and aiding and abetting. (*Id.* at 6–7). Plaintiff seeks compensatory

damages, financial damages, punitive damages and attorneys' fees, as well as costs. (*Id.* at 9). Defendants filed their Notice of Removal of this action pursuant to 28 U.S.C. § 1441(b), claiming diversity jurisdiction pursuant to 28 U.S.C. §1332. (Doc. 1 at 2). In their Notice of Removal, Defendants allege that "[t]his action . . . is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000." (*Id.*) Both parties agree that the action is between citizens of different states. (Doc. 8 at 2). Accordingly, the Court must determine whether Defendants have established the requisite amount in controversy for this Court to have subject matter jurisdiction.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).)

"In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a

preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* at 376. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the dollar amount of damages the plaintiff seeks. *Singer*, 116 F.3d at 377 (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). However, the inquiry into the amount in controversy is not confined to the face of the complaint. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

## III. ANALYSIS

Plaintiff has not demanded a dollar amount in his complaint. Accordingly, it is Defendants' burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer*, 116 F.3d at 376. Defendant may not rely upon conclusory allegations, but may submit summary-judgment-type evidence. *Valdez*, 372 F.3d at 1117.

Defendants submitted four pieces of evidence to support their assertion that the amount in controversy is greater than $75,000. (Doc. 8 at 3-5). First, Defendants requested that the parties agree to limit damages to no more than $75,000 in exchange for Defendants' stipulation to remand this case. (*Id.*) Plaintiff did not agree. (*Id.*) Second, Plaintiff certified that the claim is not subject to compulsory arbitration because the amount in controversy exceeded $50,000. (*Id.* at 3). Third, Defendants claim that punitive damages could be "a significant amount easily satisfying the jurisdictional requirements." (*Id.* at 4). Finally, Plaintiff has requested attorneys' fees, which Defendants claim will likely exceed $25,000. (*Id.*) In sum, Defendants argue that Plaintiff's certification that the amount in controversy exceeds $50,000, in addition to the potential punitive damages and attorneys' fees establish that the jurisdictional requirement is met. (*Id.*)

Defendants have not satisfied their burden in demonstrating that the amount in controversy meets the $75,000 requirement. Although Plaintiff's certificate regarding

1  compulsory arbitration is undisputed, it estimates that the amount in controversy is at least
2  $50,000. Defendants' statements that attorneys' fees and punitive damages make up the
3  remaining $25,000 are unsupported by further evidence. Also, a lack of agreement between
4  the parties to limit damages to $75,000 is not conclusive.

### A. Arbitration Certificate

Defendants correctly assert that the certification that the amount in controversy exceeds $50,000 can be included in calculating the total amount in controversy. *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003); *cf. Singer*, 116 F.3d at 376 (district judge has discretion to accept plaintiff's admission as to the amount in controversy). Plaintiff concedes that the $50,000 certification is an estimate only and does not prove that damages will exceed $75,000. The Court agrees. *See Ferguson v. First Am. Specialty Ins. Co.*, No. CV 09-01581-PHX-JAT, 2009 WL 4154653, at *3 (D. Ariz. Nov. 23, 2009) (stating "the certificate regarding compulsory arbitration does nothing more than establish that the amount in controversy is likely more than $50,000"). Thus, the certification only demonstrates that the amount in controversy is at least $50,000.

### B. Attorneys' Fees

Defendants are also correct that attorneys' fees may be included in the amount in controversy when a statute authorizes those fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Under Arizona law, attorneys' fees for actions arising out of contract, including those incurred pursuing a bad faith action, may be awarded to a successful litigant. *Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (D. Ariz. 1981).

Defendants argue that "it is highly likely that Plaintiff will incur well over $25,000.00 in attorneys' fees." (Doc. 8 at 4). Defendants offer no other evidence to substantiate their statement and a statement of mere opinion is speculative. *See Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1068 (D. Ariz. 2004); *Ferguson*, 2009 WL 4154653, at *3 (stating that an affidavit estimating the attorneys fees is too speculative to be used in calculating the amount in controversy). As a result, this statement cannot support a finding that the attorneys' fees would sufficiently increase the amount in controversy.

### C. Punitive Damages

Punitive damages, recoverable under law, may be included in computing the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Ferguson*, 2009 WL 4154653, at *4. Under Arizona law, punitive damages may be awarded in bad faith insurance cases. *Filasky v. Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 83 (Ariz. 1987). "However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Burk*, 348 F. Supp. 2d at 1069 (citing *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)). To show that the claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000, Defendants must present appropriate evidence. *Id.* (citing *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004)).

Defendants argue punitive damages "could likely be a significant amount easily satisfying the jurisdictional requirements." (Doc. 8 at 4). Defendants cite *Sanchez*, to state that if bad faith is shown, punitive damages will likely be a significantly large amount of money. (*Id.*) However, *Sanchez* is inapposite because it discusses trebling punitive damages per a California statute in regard to "unfair or deceptive practices against senior citizens or disabled persons." 102 F.3d at 405. In addition, in *Sanchez*, the Ninth Circuit Court of Appeals vacated the district court's judgment and remanded the case with instructions to remand to the state court because defendant did not establish that the amount in controversy exceeded the requirement. *Id.* at 406. Defendants offer no other support that possible punitive damages in this case would satisfy the jurisdictional requirement for the amount in controversy.

### D. $75,000 Agreement

Defendants' last argument is that Plaintiff's refusal to stipulate to limit damages is direct evidence that Plaintiff is seeking over $75,000 in damages. Such evidence can be considered in determining the amount in controversy. *See Ansley*, 215 F.R.D. at 578; *see also*, *Del Real v. Healthsouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001). However, such evidence is not conclusive in establishing that the amount in controversy is greater than

1 $75,000.

The Court is not persuaded by Defendants' argument that Plaintiff tacitly admitted to seeking damages in excess of $75,000 by requesting Defendant stipulate that they owe a minimum of $75,000.

## IV. CONCLUSION

The Defendants have not met their burden to show that the amount in controversy exceeds the jurisdictional requirement of $75,000. The arbitration certificate suggests that the amount in controversy exceeds $50,000, but the conclusory allegations that punitive damages, attorneys' fees, and failure to jointly agree to limit damages have not persuaded the Court that the amount in controversy exceeds $75,000. Therefore, Plaintiff's Motion to Remand is granted.

## V. ATTORNEYS' FEES

Plaintiff requests attorneys' fees pursuant to 28 U.S.C. § 1447(c) because Plaintiff claims Defendants did not have an "objectively reasonable basis" for removal. Although the Court is granting the motion to remand, Defendants had an objectively reasonable argument for removal. The complaint does not request a specific amount of damages and it is objectively reasonable to argue that attorneys' fees and punitive damages from claims of breach of the implied covenant of good faith and fair dealing and aiding and abetting satisfy the jurisdictional requirements. Therefore, Plaintiff's request for attorneys' fees is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for attorneys' fees is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**. The Clerk of the Court shall remand this action to Maricopa County Superior Court.

DATED this 7th day of February, 2012.

James A. Teilborg
United States District Judge